**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| K.T., by and through his next friend, Kelley Tyler | |
| Plaintiff, | 3:20-cv-00895-MGL |
| v. | **COMPLAINT**<br>(*Jury Trial Demanded*) |
| Danielle Kelley, Miracle Hill Ministries, Incorporated, and Rodney Johnson, | |
| Defendants. | |

The Plaintiff, complaining of the Defendants, would respectfully show this Court the following:

## I.    THE PARTIES.

1.    That Plaintiff K.T. was born in 2003.  He is currently a sixteen-year-old minor child. Plaintiff brings this action by and through his next friend, Kelley Tyler.  Plaintiff  is a citizen and resident of the County of Lexington, State of South Carolina.  South Carolina Department of Social Services (hereinafter SCDSS) took him into emergency protective custody on September 22, 2015.  He remained in foster care in the legal custody of SCDSS until he was returned to the custody of his mother on January 16, 2016.

2.    That the South Carolina Department of Social Services (SCDSS) is an agency of the State of South Carolina created by the General Assembly of the State of South Carolina.  SCDSS is responsible for ensuring that the children in its custody are safe and are receiving adequate care and treatment in accordance with applicable legal

standards.  That Defendant Danielle Kelley was an SCDSS employee in Lexington County and upon information and belief was and is a resident of South Carolina during the times alleged herein.  She was the assigned caseworker for K.T. during K.T.'s time in foster care.

3.    That Defendant Miracle Hill Ministries, Incorporated, (Miracle Hill) is a non-profit domestic corporation located in South Carolina.  During the times alleged herein, SCDSS licensed Miracle Hill to provide housing and services to children in SCDSS's custody. Its facility, the Miracle Hill Boys' Shelter, was and is located at 2709 Wade Hampton Blvd., Greenville, SC 29615 and its employees are heavily regulated performers of a traditionally and exclusively public function. Although SCDSS retained a non-delegable constitutional duty to ensure that children in SCDSS custody were safe and receiving adequate care, SCDSS entrusted Miracle Hill and its employees with implementing the concomitant constitutional duty to ensure that children placed in the facility were safe and receiving adequate treatment on a day-to-day basis.

4.    That Defendant Rodney Johnson was the director of the Miracle Hill Boys' Shelter and upon information and belief was and is a resident of the State of South Carolina. Upon information and belief, he was responsible for ensuring that Miracle Hill's clients were provided with adequate care, supervision, and treatment in accordance with applicable legal standards.

## II.    JURISDICTION AND VENUE.

5.    Plaintiff incorporates paragraphs 1-4 as if it were incorporated herein verbatim.

6.    That this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, Federal Question, and 28 U.S.C. § 1367, Supplemental Jurisdiction.

7.    That venue is proper in this Court under 28 U.S.C. § 121(8). Because Plaintiff minor child was in the custody of the Lexington County Department of Social Services, the acts and omissions alleged herein by Defendant Danielle Kelley occurred in Lexington County, South Carolina.

### III.    BACKGROUND.

8.    Plaintiff incorporates paragraphs 1-7 as if it were incorporated herein verbatim.

9.    That Plaintiff K.T. sues to recover compensatory and punitive damages for injuries caused by Defendants' tortious conduct and violations of his federal civil rights.

10.    That Plaintiff K.T. is currently sixteen years of age.

11.    That Plaintiff K.T. was eleven years old when he was taken into the custody and care of the South Carolina Department of Social Services on September 22, 2015.

12.    That Defendant Danielle Kelley was Plaintiff's SCDSS assigned social worker.

13.    Plaintiff was placed by Defendant Danielle Kelley in a cottage on the Miracle Hill campus.  His roommates were four years older than him.

14.    He was a resident of Miracle Hill Boys' Shelter from September 27, 2015 until January 16, 2016.

15.    During the several months that he resided in the cottage at Miracle Hill, the Plaintiff was sexually assaulted many times by his roommates.  Staff members were supposed to be supervising the residents, but they were in the staff rooms watching Netflix with their headphones on and not supervising the boys.

16.   Plaintiff reported these sexual assaults to Miracle Hill staff and in particular to Rodney Johnson, the director of the facility.  Plaintiff also told his DSS caseworker Danielle Kelley that other residents were touching him during the night in a way that made him feel uncomfortable.  None of the Defendants did anything to protect Plaintiff from being further abused.  They simply told Plaintiff that they would "look into it."

17.   All the Defendants knew or should have known that K.T. had been sexually assaulted at Miracle Hill and was at risk of being further sexually assaulted, yet they failed to protect the Plaintiff, and the sexual assaults continued.

18.   That child-on-child sex happens fairly often in group homes in South Carolina, especially those, like Miracle Hill, that do not require twenty-four hour awake supervision. Defendant SCDSS should require twenty-four hour awake supervision of the foster children in group homes, but they do not require it in low management group homes, despite knowing the danger to these children.

19.   That SCDSS does not take child-on-child sexual abuse seriously.  They do not track it, do not consider it a reportable event, and sometime characterize it as immature childish behavior.

20.   That as a direct and proximate result of Defendants' acts, K.T. suffered the following injuries: violation of his constitutional right under the Fourteenth Amendment to the United States Constitution to a safe and secure placement, great and permanent mental harm and injury, physical pain from the battery, emotional distress, alteration of his lifestyle, psychological trauma, apprehension, anxiety, depression, embarrassment, shame, and a loss of enjoyment of life, all resulting from the abuse he

suffered, which has and will in the future cause him to spend money for mental health treatment services.

### First Cause of Action
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement**
**(Against Defendant Danielle Kelley)**

21.    Plaintiff incorporates paragraphs 1-20 as if it were incorporated herein verbatim.

22.    That Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if they were fully set forth here.

23.    That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to a safe and secure placement.

24.    That under 42 U.S.C. § 1983, persons acting under color of state law are liable for violating constitutional rights.

25.    That SCDSS's Defendant employee Danielle Kelley, acting in her personal capacity under color of state law was deliberately indifferent to K.T.'s constitutional right to a safe and secure foster care placement so as to shock the conscience. She had notice of the danger in:

    a.   Placing K.T. at Miracle Hill without adequate supervision along with children she knew or should have known to be dangerous and a risk to K.T.'s safety;

    b.   Failing to adequately supervise K.T. and the children that assaulted him;

    c.   Placing K.T.in the physical custody of Miracle Hill instead of with family members or a private family foster home;

    d.   Placing K.T.in the physical custody of Miracle Hill knowing that Miracle Hill lacked adequate twenty-four hour supervision;

    e.   Failing to require awake nighttime supervision in the cottages at Miracle Hill;

f.   Failing to adequately supervise Miracle Hill;

g.   Failing to ensure that K.T. was adequately supervised at Miracle Hill after he was
     sexually assaulted the first time;

h.   Failing to institute adequate licensing policies and practices with respect to
     Miracle Hill; and

i.   Failing to adequately regulate and supervise low management group care
     facilities, including Miracle Hill.

26.   That Defendant Danielle Kelley ignored these dangers notwithstanding her notice of
      them.

27.   That these failures were part of SCDSS's policy, custom, pattern, or practice of
      violating the constitutional rights of children in their care.

28.   That K.T. suffered the attacks and sexual assaults and the injuries set out in this
      Complaint as the direct and proximate result of the Defendant Danielle Kelley's
      constitutional violations.


**<u>Second Cause of Action</u>**
**Negligence and/or Gross Negligence**
**Under the South Carolina Solicitation of Charitable Funds Act**
**(Against Defendants Miracle Hill and Rodney Johnson )**

29.   Plaintiff incorporates paragraphs 1-28 as if it were incorporated herein verbatim.

30.   That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et
      seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law
      of South Carolina, Miracle Hill is liable for its tortious acts and the tortious acts of its
      employees acting in the scope of their employment. Miracle Hill's employees are also
      liable for their own tortious actions.

31. That Defendant Miracle Hill and Defendant Rodney Johnson, acting within the scope of his employment, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in:

   a. Allowing K.T. to be placed at Miracle Hill without adequate supervision along with children they knew to be dangerous and a risk to K.T.'s safety;

   b. Failing to adequately supervise K.T. and the children that assaulted him;

   c. Failing to provide adequate 24-hour supervision at Miracle Hill; and

   d. Failing to provide adequate supervision of K.T. after he was sexually assaulted the first time.

32. That K.T. suffered the attack and sexual assault and the injuries set out in this Complaint as the direct and proximate result of these Defendants' tortious acts.

### Third Cause of Action
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement**
**(Against Defendant Rodney Johnson)**

33. Plaintiff incorporates paragraphs 1-32 as if it were incorporated herein verbatim.

34. That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to a safe and secure placement.

35. That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

36. That the Miracle Hill Defendant Rodney Johnson was a state actor acting under color of state law, and was deliberately indifferent to K.T.'s constitutional right to a safe and secure foster care placement so as to shock the conscience. Defendant Rodney Johnson had notice of the danger in:

   a. Placing K.T. at Miracle Hill without adequate supervision along with

children they knew to be dangerous and a risk to K.T.'s safety;

    b.    Failing to adequately supervise K.T. and the children that assaulted him;

    c.    Failing to provide adequate 24-hour supervision of the cottages at Miracle Hill; and

    d.    Failing to provide adequate supervision of K.T. after he was sexually Assaulted the first time.

37.    That Defendant Rodney Johnson ignored these dangers notwithstanding his notice of them.

38.    That these failures were part of Miracle Hill's policy, custom, pattern, or practice of violating the Fourteenth Amendment rights of children in their care.

39.    That K.T. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of the Defendant Rodney Johnson's constitutional violations.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor for:

A.  Damages in the appropriate amount;

B.  Punitive damages as are appropriate and when allowed by statute or the common law;

C.  Attorneys' fees, costs, expenses, and disbursements of this action when allowed by statute or the common law;

D.  Interest; and

E.  Such other and further relief as is just and proper.

Respectfully submitted,

HITE & STONE

BY:    *s/Heather Hite Stone*

HEATHER HITE STONE (Bar No.: 11374)
100 EAST PICKENS STREET
P. O. BOX 805
ABBEVILLE, SC 29620
(864) 366-5400 TELEPHONE
(864) 366-2638 FACSIMILE
heather@hiteandstone.com
COUNSEL FOR THE PLAINTIFF

Abbeville, South Carolina
February 26, 2020